AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

__NORTHERN__ District of __OHIO__

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br><br>Raul Toro<br>*Superseding judgement as original judgment was vacated by the USCA for the 6th Circuit. (Resentencing 7/13/05) | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 1:03CR173-014<br>USM Number: 61693-053<br>Debra Hughes<br>Defendant's Attorney |

**THE DEFENDANT:**

x pleaded guilty to count(s)  __one (1) of an eight count superseding indictment.__

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 21 U.S.C. 846 | Conspiracy to Possess with Intent to Distribute and the Distribution of Heroin. | | 1 |

The defendant is resentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

x Count(s) __4 and 5 of superseding indictment__ ☐ is  x are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 13, 2005
Date of Imposition of Superseding Judgment

_/s/ John R. Adams_
Signature of Judge

John R. Adams, U.S. District Judge
Name and Title of Judge

8-9-05
Date

AO 245B     (Rev. 12/03) Judgment in Criminal Case
            Sheet 2 – Imprisonment

DEFENDANT: Toro, Raul
CASE NUMBER: 1:03CR173-04

Judgment — Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

121 months with credit for time served.  (Change of sentence term as a result of re-sentencing held on 7/13/05.)  Credit for time served.

X  The court makes the following recommendations to the Bureau of Prisons:

The Court recommends placement in an intensive drug treatment program.

X  The defendant is remanded to the custody of the United States Marshal.

☐  The execution of the sentence is deferred and bond continued. The defendant shall surrender:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____
   ☐ as notified by the United States Marshal or the designated institution.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:



Defendant delivered on _____ to _____
a_____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT: Toro, Raul
CASE NUMBER: 1:03CR173-04

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall surrender to the

Immigration authorities for deportation as provided by law. The defendant shall not re-enter or remain in the United States without permission of the United States Attorney General.
If the defendant is granted permission to re-enter the United States legally, he shall be on supervised release for a period of 5 years. During the next five years, he will be subject to the terms and conditions of supervised release.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [X] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [X] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page __4__ of __6__

DEFENDANT:
CASE NUMBER:

## SPECIAL CONDITIONS OF SUPERVISION

__X__ The defendant shall provide the probation officer with access to any requested financial information.

_____ The defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Officer.

_____ The defendant shall reside in a community treatment center, halfway house, or similar facility of a period of _____ days/months to begin not later than _____. (Work/medical release privileges granted).

_____ The defendant shall participate in the Home Confinement Program (with / without) electronic monitoring for a period of _____ days/months, beginning no later than _____ calendar days from release from custody. The defendant is required to remain at residence unless given written permission to be elsewhere. The defendant may leave residence to work, to receive medical treatment and to attend religious services. The defendant shall wear an electronic monitoring device, follow electronic monitoring procedures and submit to random drug/alcohol test as specified by the Probation Officer. The defendant may participate in the Earned Leave Program. The defendant (is / is not) to pay the cost of the program. Payment is to be made as directed by the Supervising Home Confinement Officer.

__X__ The defendant shall participate in an outpatient program approved by the U.S. Probation Office for the treatment of alcohol and/or drug dependency which will include testing to determine if the defendant has reverted to the use of alcohol and/or drugs.

_____ The defendant shall participate in an outpatient mental health treatment program as directed by the Probation Office.

__X__ The defendant shall surrender to U.S. Immigration and Naturalization Service for deportation as provided by law, and shall not illegally re-enter or remain in the United States.

_____ The defendant is committed to the custody of the Bureau of Prisons for _____ months. It is recommended that the Comprehensive Sanctions Center be designated as the place of confinement.

_____ The defendant shall not associate with any members of the _____ gang or any other gang or threat group as directed by the probation officer.

_____ The defendant shall consent to the U.S. Probation Office conducting periodic unannounced examinations of computer system(s), which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purposes of conducting a more through inspection and will consent to having installed on your computer(s), at your expense, any hardware/software to monitor your computer use or prevent access to particular materials. The defendant consents to periodic inspection of any such installed hardware/software to insure it is functioning properly.

_____ The defendant shall provide the U.S. Probation Office with accurate information about his/her entire computer system (hardware/software); all passwords used by you; and your Internet Service Provider(s) and will abide by all rules of the Computer Restriction and Monitoring Program.

_____ The defendant shall submit his/her person, residence, place of business, computer, or vehicle to a warrantless search, conducted and controlled by the U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release, failure to submit to a search may be grounds for revocation, the defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

_____ The defendant shall perform _____ hours of community service as directed by the Probation Officer.

_____ The defendant shall participate in, and successfully complete, a cognitive restructuring program as instructed by your Probation Officer.

_____ The defendant shall reside and participate in a residential drug treatment program as instructed by your Probation Officer, until discharged by the facility and as approved by your Probation Officer.

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 6

DEFENDANT: Toro, Raul
CASE NUMBER: 1:03CR173-04

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| TOTALS | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the ☐ fine ☐ restitution.

  ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

| | |
|---|---|
| DEFENDANT: Toro, Raul | Judgment — Page 6 of 6 |
| CASE NUMBER: 1:03CR173-04 | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ ☐ _____ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F X Special instructions regarding the payment of criminal monetary penalties:

   A special assessment of $100.00 is due in full immediately as to count(s) one .

   **PAYMENT IS TO BE MADE PAYABLE AND SENT TO THE CLERK, U.S. DISTRICT COURT.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

X The defendant shall forfeit the defendant's interest in the following property to the United States:
   With regards to count one, pursuant to 21 U.S.C. § 853, the nineteen named defendants shall forfeit all property constituting, or derived from, and profits obtained from the commission of this offense, including but not limited to the following property seized from a 1991 green Mazda MPV, containing Juan Gonzales-Perez and Raul Toro on 2/3/03. This property shall include a loaded .380 caliber pistol and $3,980.00 in United States currency.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.